■ In the Matter of BEECHHURST PROPERTY OWNERS ASSOCIATION, Petitioner, v NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION et al., Respondents. — Proceeding pursuant to CPLR article 78 to review a determination of the New York State Department of Environmental Conservation, which approved the issuance of variances to respondent Ciampa Bell Co. Determination confirmed and proceeding dismissed on the merits, without costs or disbursements. The petitioner, the Beechhurst Property Owners Association, brings this proceeding seeking to review and annul a determination by the New York State Department of Environmental Conservation which, after having granted the respondent Ciampa Bell Co. a permit to alter tidal wetlands (see ECL 25-0101 *et seq.*), issued supplemental decisions granting Ciampa certain area variances (see 6 NYCRR 661.6 [a] [1], [4]; 661.13). The proceeding is before us on the question of substantial evidence after having been transferred from Special Term (see CPLR 7804, subd [g]). There is substantial evidence on the record to support the challenged determination. The experts who testified for Ciampa and the department all concluded that the tidal wetland involved is severely stressed and impoverished and that the development proposed would have a minimal impact on the over-all area. In addition, Ciampa presented uncontroverted testimony that it had investigated all other viable alternatives and, without authorization to proceed with the proposed development, it would be unable to utilize its property. In fact, Ciampa was projecting a substantial economic loss upon completion of the project. The above testimony, in addition to other evidence, supports the determination of the department that the strict application of the area restrictions in the regulations would be contrary to the purposes of the regulations, or

that there are practical difficulties in the way of carrying out the area restrictions (see 6 NYCRR 661.13). We have considered the additional arguments of the parties and find them to be without merit. Damiani, J. P., Titone, Mangano and Gibbons, JJ., concur.